**Undine MAKEIG, d/b/a E–Z Bail Bonds, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 115–91.**

Court of Criminal Appeals of Texas, En Banc.

June 17, 1992.

---

Joe W. Jernigan, Amarillo, for appellant.

Barry E. Blackwell, Dist. Atty., Dumas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

### PER CURIAM.

This case concerns the amount of remittitur allowed a surety on the amount of bond after a forfeiture has been declared and the proper application of Article 22.-16(d) and (e), V.A.C.C.P.[1] Appellant, Undine Makeig d/b/a E–Z Bail Bonds, alleges in a single point of error that the 7th Court of Appeals has misconstrued Article 22.-16(d) and (e) in remitting less than half the bond amount.

### I.

We have reviewed the court of appeals' decision *Makeig v. State*, 802 S.W.2d 59 (Tex.App.—Amarillo 1990) and find the reasoning is sound. We therefore adopt the opinion as our own without further comment.

### CONCLUSION

Appellant's ground for review is overruled. The judgment of the court of appeals is affirmed.

MALONEY, J., not participating.

---

1. Article 22.16  Remittitur After Forfeiture

\*    \*    \*    \*    \*    \*

(d) After the expiration of the time limits set by Subsection (c) of this article and before the entry of a final judgment against the bond, the court in its discretion may remit to the surety all or part of the amount of the bond after deducting the costs of court, any reasonable costs to the county for the return of the principal, and the interest accrued on the bond amount as provided by Subsection (e) of this article.

(e) For purposes of this article, interest accrues on the bond amount from the date of forfeiture in the same manner and at the same rate provided for the accrual of prejudgment interest in civil cases.