**Vernon P. LYLES, et al., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1302–91.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 3, 1993.

Carolyn Findley Price, Arlington, G.P. (Pat) Monks, Houston, for appellant.

Jimmie McCullough, County Atty., Franklin, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

This is a criminal bail bond forfeiture case. The State petitioned this Court for review on two grounds, one of which we granted in order to determine the constitutionality of TEX. CODE CRIM.PROC. ANN. Art. 22.16(a). Although we find 22.-16(a) unconstitutional because it utilizes the provisions of TEX. CODE CRIM.PROC. ANN. Art. 22.16(c), we will reverse the Court of Appeals on other grounds.

Initially, we will address whether subsection (a) is constitutional since it was a ground on which we initially granted review. However, the ultimate disposition of this case will hinge on our prior decision in *Makeig v. State*, 830 S.W.2d 956 (Tex.Crim. App.1992), adopting the decision and reasoning of the Court of Appeals in *Makeig v. State*, 802 S.W.2d 59 (Tex.App.—Amarillo 1990). We will therefore address Article 22.16(a) and then resolve the instant case.

This matter arose out of a bond forfeiture in the Robertson County Court. Vernon P. Lyles, a professional bondsman, was the surety on a $1500 bond with Thomas Earl Marks as its defendant-principal. Marks failed to appear in court on December 7, 1989, on a misdemeanor property offense and judgment nisi was entered. Marks was rearrested on December 16 and placed in the Robertson County jail. On February 7, 1990, final judgment was entered by the trial court. Respondent filed his motion to remit the full amount of the bond on March 6, 1990, along with a motion to vacate or modify the final judgment entered against the bond. The trial court denied his motions.

Respondent Lyles appealed to the Tenth Court of Appeals raising six points of er-

ror. The Court of Appeals sustained the three points which addressed remittitur of the bond and therefore reversed the judgment of the trial court in a published opinion. *Lyles v. State,* 814 S.W.2d 411 (Tex. App.—Waco 1991). The question raised in the Court of Appeals and in this Court is the constitutionality of Art. 22.16(a).

Art. 22.16(a) provides in pertinent part: (a) After forfeiture of a bond and before the expiration of the time limits set by Subsection (c) of this article, the court shall, on written motion, remit to the surety the amount of the bond after deducting the costs of court, any reasonable costs to the county for the return of the principal, and the interest accrued on the bond amount as provided by Subsection (e) of this article if:

(1) the principal is incarcerated in the county in which the prosecution is pending;

. . . . .

Art. 22.16(c) provides:

(c) A final judgment may be entered against a bond not earlier than:

(1) nine months after the date the forfeiture was entered, if the offense for which the bond was given is a misdemeanor; or

(2) 18 months after the date the forfeiture was entered, if the offense for which the bond was given is a felony.

Article 22.16(a) is at issue because it is dependent upon timeframes provided for in 22.16(c). Article 22.16(c) has been held unconstitutional by this Court in *State v. Matyastik,* 811 S.W.2d 102 (Tex.Cr.App.1991) and *Armadillo Bail Bonds v. State,* 802 S.W.2d 237 (Tex.Cr.App.1990).

Article 22.16(c) was first addressed by this Court in *Armadillo Bail Bonds v. State,* 802 S.W.2d at 237. Our analysis in *Armadillo Bail Bonds* began by recognizing that a violation of the separation of

powers provision of the State Constitution occurs when one branch of government unduly interferes with another branch's exercise of its constitutionally assigned powers. *Id.* at 239. Since the ability to enter final judgments is a "core power" of the judiciary, we found that the legislature unduly interfered with the exercise of this power by passing a statute which suspended the entrance of a final judgment for up to a year and a half. *Id.* at 241. Thus, the statute was found to be a violation of the separation of powers provision since it allowed the legislature to usurp a judicial function. *Id.*

In *State v. Matyastik,* this Court applied the reasoning announced in *Armadillo Bail Bonds* to find section (c)(1) of the statute unconstitutional. *State v. Matyastik,* 811 S.W.2d at 102. Where section (c)(2) addresses felonies, section (c)(1) of the statute prohibits the court from entering final judgment in a misdemeanor case until nine months after forfeiture. Because of the similar time requirement, (c)(1) was also found to be a legislatively imposed statutory restraint on a trial court's ability to enter final judgments. *Id.* at 104. The reasoning in *Armadillo Bail Bonds* was therefore extended to also hold section (c)(1) unconstitutional as a violation of the separation of powers provision of the State Constitution. *Id.*

Having found 22.16(c) unconstitutional[1], this court then considered in *Matyastik* whether Art. 22.16(a) also interfered with the court's exercise of the judicial function. *State v. Matyastik,* 811 S.W.2d at 104. This issue arose because Article 22.16(a) refers to 22.16(c) in the body of the statute. Art. 22.16(a) provides in pertinent part:

After forfeiture of a bond and before the expiration of the time limits set by Subsection (c) of this article, the court shall ... (emphasis added).

---

**1.** After the holdings in *Armadillo* and *Matyastik,* Article 22.16(c) was considered unconstitutional in its entirety. Some confusion has arisen on this issue by our adoption of the Court of Appeals decision in *Makeig v. State,* 802 S.W.2d 59 (Tex.App.—Amarillo 1990). In the opinion, there is a reference that the 22.16(c) timeframes must expire before 22.16(d) applies. We held 22.16(c) unconstitutional in *Armadillo* and *Matyastik* and therefore 22.16(c) should not control the applicability of 22.16(d). It was not our intention to reverse these decisions by adopting *Makeig.*

In our analysis in *Matyastik*, we were careful to note that if one part of a statute is held unconstitutional, "the remainder of the statute must be sustained if it is complete in itself and capable of being executed in accordance with the intent wholly independent of that which has been rejected." *Matyastik*, 811 S.W.2d at 104, quoting *Tussey v. State*, 494 S.W.2d 866, 870 (Tex.Cr.App.1973). However, this Court found that subsection (a) is contingent upon the time limitations set forth in subsection (c). *Matyastik*, 811 S.W.2d at 104. Therefore, we held that the portion of subsection (a) that utilizes subsection (c) is invalid under Article 2, Section 1 of the Texas Constitution since subsection (a) cannot be executed or have any effect without utilizing the provisions of subsection (c). *Id.*

■■■ This Court is now asked to determine whether subsection (a) is to be read without reference to subsection (c)[2], or, alternatively, find the entire subsection invalid. We believe that the latter is the correct interpretation. As was noted in *Matyastik*, subsection (a) is contingent upon the time limitations established in subsection (c). Subsection (a) is dependent upon subsection (c) to establish the timeframes for mandatory remittitur. Without these deadlines, remittitur of a forfeited bond would be mandatory at any time after the forfeiture because there is no "judgment" provision in subsection (a). Consequently, subsection (a) cannot be executed or have any effect without the invalid provisions. *Matyastik*, 811 S.W.2d at 104. Subsection (a) is thus void. We therefore hold that mandatory remittitur provisions of 22.16(a) are no longer valid. Remittitur may instead be done at the trial court's discretion at anytime before entry of a final judgment.[3] TEX.CODE CRIM.PROC.ANN. Art. 22.16(d).

Additional support for this holding is found in Article 22.16(d). Article 22.16(d) permits a trial court, in its discretion, to remit a bond before the entry of a final judgment. If subsection (a) is to be read without reference to the time limitations of subsection (c), the trial court would no longer have this discretion. The trial court would have to remit the amount of the bond upon written motion of the surety. Such a reading would render subsection (d) impotent. When construing statutes that appear to be in conflict, the two should be harmonized where possible. TEX.GOV'T CODE ANN. § 311.025(b); *Ex parte Choice*, 828 S.W.2d 5, 7 (Tex.Cr.App.1992); *Lindsey v. State*, 760 S.W.2d 649, 654 (Tex.Cr. App.1988); *Stanfield v. State*, 718 S.W.2d 734, 736 (Tex.Cr.App.1986). It would therefore be improper to interpret 22.16(a) in a manner which would remove the discretion given to the trial court in Article 22.16(d).

Furthermore, a most important distinction can be made between 22.16(a) and 22.-16(c) which demonstrates that discretionary remittitur should continue. Contrary to the position advocated by the dissents, *subsection (a) does not have a provision for any kind of judgment to be entered*. Final judgment under subsection (a) can only be entered via the reference to subsection

---

**2.** More specifically in Article 22.16(a), the reference made by the language "... and before the expiration of the time limits set by Subsection (c) of this article ..."

**3.** In his dissent, Judge Baird disagrees that *Matyastik* held that remittitur is now discretionary with the court at anytime prior to entry of a final judgment. Instead, he believes *Matyastik* actually stated that mandatory, rather than discretionary, remittitur may be done at anytime before entry of a final judgement. The exact language in *Matyastik* was as follows:

"Because subsection (a) cannot be executed or have any effect without utilizing the provisions of subsection (c), we hold that the portion of Art. 22.16(a), V.A.C.C.P., utilizing sub-section (c) is invalid under Article 2, § 1 of the Texas Constitution. Thus, remittitur now may be done anytime between forfeiture and entry of a final judgment."

Respectfully, we would point out that the term "mandatory" is not used in the passage. Since remittitur was mandatory by virtue of the time limitations in subsection (c), it follows that it is no longer mandatory if the time limitations are eliminated. This proposition is further supported by the use of the discretionary language "remittitur now *may* be done." In the absence of mandatory provisions, we believe that discretionary remittitur as found in Article 22.16(d) is the logical successor.

(c), an unconstitutional provision. Alternatively, 22.16(d), even if read without reference to subsection (c), provides for entry of final judgment. Given this distinction, it is obvious that 22.16(d) should survive even though 22.16(a) is invalid.

Article 22.16(c) violates the separation of powers provision of the Texas Constitution because it imposes time limits which prevent a court from entering a final judgment. Although 22.16(a) does not provide for entry of a judgment of any kind, a reading of 22.16(a) to provide for mandatory remittitur at anytime prior to final judgement would violate the separation of powers provision. Such a reading would statutorily mandate a trial court to remit a bond at anytime prior to entry of a final judgment, thereby legislatively removing a trial court's discretion. However, enforcement of 22.16(d) does not violate the separation of powers provision since it leaves discretion in the trial court to remit a forfeited bond at anytime prior to entry of a final judgment.

We pause here to answer Judge Campbell's concerns. He argues in his dissent that if 22.16(a) is invalid because of the reference to Article 22.16(c), 22.16(d) must also be invalid because it too utilizes 22.16(c). We would distinguish 22.16(d) by pointing out that, unlike 22.16(a), 22.16(d) is a discretionary provision. Article 22.16(d) provides:

> After the expiration of the time limits set by Subsection (c) of this article and before the entry of a final judgment against the bond, the court in its discretion may remit to the surety all or part of the amount of the bond after deducting the costs of court, any reasonable costs to the court for the return of the principal, and the interest accrued on the bond amount as provided by Subsection (e) of this article.

Unlike 22.16(a), 22.16(d) can be read absent the reference to 22.16(c) without a separation of powers problem that is encountered with 22.16(a). When 22.16(d) is so read, remittitur remains discretionary with the court anytime before final judgment. It does not become mandatory at any time after forfeiture as it does when 22.16(a) is read without reference to the 22.16(c) timeframes.

As we have said previously in this opinion, subsection (a) does not provide for any type of judgment to be entered. Consequently, mandatory remittitur could continue *in perpetuity* if the subsection (c) timeframes are not utilized. If any of the five conditions under 22.16(a)(1)–(5) (principal incarcerated in county in which the prosecution is pending, principal deceased, etc.) are *ever* met, the trial court would be forced to remit the bond no matter when the condition is satisfied. Given that mandatory remittitur was originally intended to occur within a limited time, we do not believe this was the intended result.

In our view, Article 22.16(a) cannot have any effect without utilizing the invalid provisions of 22.16(c). We therefore hold that Article 22.16(a) is void; however, this subsection is not controlling in the disposition of the case at bar.

We now turn to the instant case. The facts before us in this matter are almost identical to those in *Makeig v. State*, 830 S.W.2d 956 (Tex.Crim.App.1992), adopting opinion 802 S.W.2d 59 (Tex.App.—Amarillo 1990). In *Makeig*, a judgment nisi was entered on June 19, 1989 after the principal failed to appear in court on a felony offense. *Id.* at 60. Final judgment was then entered approximately three months later. *Id.* at 61. The appellant made a motion for remittitur of a $50,000 bond approximately one month after final judgment was entered. *Id.* at 61. The trial court granted the appellant's motion and returned $25,000, less costs of suit, even though the motion was made after final judgment. *Id.* at 61.

In reviewing the remittitur, the Court of Appeals held that the trial court did not err by entering final judgment before the expiration of the timeframes in Article 22.16(c) since this subsection of the statute had previously been held unconstitutional by this court. *Id.* at 61–62. Appellant also argued that the trial court erred by failing to apply the discretionary remittitur portion of the statute, Article 22.16(d). *Id.* at

62. The Court of Appeals correctly recognized that 22.16(d) directs discretionary remittitur when final judgment has not been entered. *Id.* Since final judgment had already been entered, the Court of Appeals held that 22.16(d) did not apply. *Id.*

The Court of Appeals found support in two areas for the trial court's decision to partially remit the bond. First, the Court of Appeals held that since the motion for remittitur had been made within 30 days of the judgment, it was within the trial court's plenary power to reform the judgment. *Tex.R.Civ.Pro. 329b.* Additionally, the Court of Appeals held that the power to partially remit the bond was also found in Article 22.17, TEX.CODE CRIM.PROC.ANN. This article provides for a two year special bill of review that enables a surety to request, on equitable grounds, the reform of a final judgment and remittitur of the bond amount. Under this Article, the decision to grant or deny the bill is *entirely within the discretion of the trial court.* The request may be granted in whole or in part. Art. 22.17(a).

■ In the instant case, final judgment was entered on February 7, 1990. Appellant did not make a motion for remittitur until March 6, 1990. Since final judgment had already been entered, discretionary remittitur under article 22.16(d) did not apply. However, the court's decision to remit part of the bond was within its power under Tex.R.Civ.Pro 329b and Art. 22.17 Tex. Code Crim.Pro. We must now determine whether the decision to not remit the $1,500 bond in the instant case was an abuse of this discretion.

■ In determining whether there has been an abuse of discretion, it must be determined if the court acted without reference to any guiding rules and principles, or, in other words, whether the court acted arbitrarily or unreasonably. *Makeig,* 802 S.W.2d at 62; *Montgomery v. State,* 810 S.W.2d 372, 380 (Tex.Crim.App.1990). Article 22.17 contains no guidelines for the exercise of the court's discretion. *Makeig,* 802 S.W.2d at 62.

■ An abuse of discretion may exist when there is a showing of sufficient cause for the accused's failure to comply. See *Makeig,* supra at 62. However, mere subsequent appearance by the accused is not sufficient cause for complete remission of the forfeiture. *Id.* at 62. Sufficient cause is generally a showing that the party did not break his recognizance intentionally with the design of evading justice, or without a sufficient cause or reasonable excuse, such as unavoidable accident or inevitable necessity preventing his appearance. *Id.* at 62–63. Although resulting extreme hardship on the surety may be considered, a balancing consideration may be whether compensation was received by the surety for taking the risk. *Id.* at 62–63. While not seeking to punish the surety for the principal's failure to appear, the law does contemplate that such noncompliance will result in forfeiture of the bond amount. *Id.* These factors, material to the court's decision before final judgment, continue to be pertinent while the judgment is subject to the court's plenary powers of reformation. *Id.* at 63.

In *Makeig,* the Court of Appeals found that there had not been a showing of sufficient cause or reasonable excuse for the accused's absence. *Makeig,* supra at 63. Since the trial court remitted $25,000, less costs, of a $50,000 bond, the Court of Appeals could not find an abuse of discretion. *Id.* In doing so, the Court of Appeals found the following facts important: 1) the trial court had remitted more than seven times the surety's actual costs ($3,475) in attempting to locate her client; 2) there had been no showing of sufficient cause for the principal's absence; 3) the principal had not been apprehended through the efforts of the surety; and, 4) the surety had received compensation for the risk it endured under the bond. *Id.*

■ In the instant case, the appellant/surety has not demonstrated that any costs were incurred in attempting to locate the principal. There is no evidence from the record that there was sufficient cause for the principal's absence on appearance day. Additionally, there is no evidence that

the principal was apprehended as the result of the efforts of the surety. While there is no evidence of the amount of the bonding fee assessed by surety against the principal, it is unlikely that it was done free of charge. Under these circumstances, we cannot say that it was an abuse of discretion for the trial court to deny appellant's motion to remit the $1,500 bond.

Since the partial remittitur was clearly within the power of the court and there was no abuse of discretion in the exercise of this power, the judgment of the Court of Appeals is reversed and the judgment of the trial court is affirmed. On the issue presented for our review, we hold Article 22.16(a) unconstitutional because it relies on the invalid provisions of 22.16(c).

CLINTON, Judge, concurring.

Because Article 22.16(c)(2), V.A.A.C.P., "requires that the Judiciary refrain from exercising a part of its core power for a period of a year and a half," and thus "unduly interferes with the Judiciary's effective exercise of its constitutionally assigned power," the Court held it invalid under Article II, § 1, Constitution of The State of Texas, in *Armadillo Bail Bonds v. State*, 802 S.W.2d 237, at 241 (Tex.Cr. App.1990).[1]

Because Article 22.16(c)(1), V.A.C.C.P., "prohibits the court from entering a final judgment in such a case for a nine month period," the Court extended the reasoning and holding in *Armadillo Bail Bonds*, su-

pra, to misdemeanor cases, and held subsection (c)(1) unconstitutional as well, in *State v. Matyastik*, 811 S.W.2d 102, at 104 (Tex.Cr.App.1991).[2] Turning to determine "whether the same is true of Art. 22.16(a)," for the Court, Judge Miller underscored the pertinent statutory language under consideration, *viz*: "(a) After forfeiture of bond *and before the expiration of the time limits set by Subsection (c) of this article, the court shall....*" First, he recalled the settled rule that "if one part of a statute is held unconstitutional, the remainder of the statute continues to be valid;" he then noted that *"subsection (a)* is contingent upon the time limitations established in subsection (c), and *thus has no effect without the invalid provisions."* Drawing from a recent opinion of this Court that "the remainder of the statute must be sustained if it is complete within itself and capable of being executed in accordance with the intent wholly independent of that which has been rejected," Judge Miller concluded for the Court:

"... Because subsection (a) cannot be executed or have any effect without utilizing the provisions of subsection (c), we *hold* that *the portion* of Art. 22.16(a), V.A.C.C.P., *utilizing subsection (c)* is invalid under article 2, § 1 of the Texas Constitution. [note omitted]. *Thus, remittitur now may be done anytime between forfeiture and entry of a final judgment."*

*Id.* at 104.[3] While it is not free from doubt, since the Court announced at the outset

---

**1.** Conforming to procedure prescribed in germane provisions of Chapter Twenty two, the trial court entered judgment *nisi*, surety answered to show cause, the court found no good cause and made the judgment final—all prior to expiration of eighteen months; surety filed a motion for new trial relying on the bar in Article 22.16(c)(2), and the trial court denied relief. The Dallas Court of Appeals affirmed the judgment on the ground that the prohibition is invalid under Article II, § 1. *Armadillo Bail Bonds*, supra at 238. As reported in the text above, this Court agreed and affirmed the judgment of the court of appeals.

**2.** As in *Armadillo Bail Bonds* so also in *State v. Matyastik*, all proceedings from forfeiture of bail to grant of remittitur occurred within the time limits set by subsection (c). Unlike the

outcome of proceedings in *Armadillo Bail Bonds*, however, in *State v. Matyastik*, supra, after the trial court rendered judgment *nisi*, later made the judgment final and surety moved for remittitur relying in part on Article 22.-16(a)(1), the trial court *ordered remittitur in full;* the State filed a motion to vacate the order which the trial court denied. The Waco Court of Appeals found Article 22.16 *"constitutional in its entirety,"* and affirmed the judgment below. *Matyastik*, supra at 102–103.

All emphasis here and throughout this opinion is mine unless otherwise indicated.

**3.** In his separate opinion Judge Campbell characterizes our holding as stated "cryptically," following "somewhat oblique discussion." Opinion at 505 and 506, respectively. My own view is that whatever ambiguity may be seen in the

that it was finding "Article 22.16(a) and (c)(1) unconstitutional," *id.,* at 102, we may take the underscored sentence to mean "discretionary" remittitur, taking into account whether one or more enumerated conditions in the remainder of subsection (a) is satisfied. See also Article 22.13, V.A.C.C.P.

Because we reviewed the "decision" of the court of appeals in *Makeig v. State,* 802 S.W.2d 59 (Tex.App.—Amarillo 1990), found its "reasoning is sound" and "adopt[ed] the opinion as our own without further comment" in *Makeig v. State,* 830 S.W.2d 956 (Tex.Cr.App.1992), perhaps without noticing that the Amarillo Court of appeals did not have whatever guidance might have been provided by our opinion in *State v. Matyastik,* supra, as the majority here seems to suggest in its opinion at 499, n. 1, we may well have "rushed to judgment." For reasons developed in the margin, however, my view is that the *Makeig* court of appeals did not implicate validity or application of Article 22.16(d) in any manner inconsistent with our prior cases, including *Matyastik.* [4]

Therefore, as I understand the legal consequences of those three decisions of this Court, the following parts of Article 22.16 have been declared unconstitutional: all but the enumerated conditions in subsection (a); [5] all of subsection (c); the portion of subsection (d) reading "After the expiration of the time limits set by Subsection (c) of this article and...."

Accordingly, *before entry of final judgment* the trial court in its discretion may remit "all or part of the amount of the bond," after making appropriate deductions prescribed by statute. Article 22.16(d) and (e).

---

formulation is removed by the judgment of this Court, *viz*:

"The judgment of the court of appeals [affirming that of the trial court] is reversed and *the remittitur order of the trial court is vacated.*"

That is to say, the court of appeals erred in upholding constitutionality of the *mandatory* remittitur provision in subsection (a), and the trial judge erred in the belief that the court was statutorily mandated to order remittitur in full before expiration of the nine month limitation.

**4.** In *Makeig v. State,* supra, the surety on a $50,000 bond was certain enough that the principal would not appear for a scheduled hearing that he spent some $3,000 to find and surrender him under a warrant pursuant to Articles 17.16–17.19, V.A.C.C.P., but was not successful; the trial court forfeited bail, entered judgment *nisi* in June and made the judgment final on September 8; principal was later arrested in another state and surety paid the costs to transport back to the county of prosecution September 21; principal plead guilty and was sentenced to ten years confinement; on October 5, surety moved for mandatory remittitur after forfeiture in full, less costs and interest pursuant to Article 22.-16(a)(1) and (2); on November 2, the trial court granted partial remittitur in the sum of $25,000, less costs of suit. *Id.* at 60–61.

On appeal, as well as point of error two claiming the bond was invalid, surety contended the trial court erred in three other particulars:

First, in entering final judgment earlier than eighteen months after forfeiture, on impliedly finding Article 22.16(c)(2) unconstitutional on the strength of *Armadillo Bail Bonds v. State,* 772 S.W.2d 193 (Tex.App.—Dallas 1989). The court of appeals overruled that point on the basis of our decision in *Armadillo Bail Bonds,* supra. *Id.* at 61–62.

Third, in refusing to remit a portion of forfeited bail in accordance with Article 22.16(d) and (e), i.e., "[a]fter the expiration of the time limits set by Subsection (c) and before entry of final judgment against the bond." The court of appeals overruled that point, reasoning that since eighteen months had not expired and final judgment had already been entered before the remittitur hearing, therefore, *"by their terms,* subsections (d) and (e) were not applicable to the present circumstance, and *the court's actions cannot be judged by their provisions." Id.* at 62.

Fourth, and alternatively, in abusing its discretion by refusing to order *sufficient* remittitur. The court of appeal found that neither subsections (a) or (d) applied, and overruled that point for reasons *dehors* the statute, *viz*: the trial court retained "plenary power to reform its judgment" under Tex.R.Civ.Pro. 329b(a), (e) and (g), and the motion or remittitur being filed timely may be treated as a special bill of review under Article 22.17, V.A.A.C.P.; on either basis, the trial court did not abuse its discretion. *Id.* at 62–63.

Therefore, in affirming the judgment below the court of appeals did not treat the constitutional viability of Article 22.16(d) and (e), although the State took the position both are invalid (Appellee's Brief on PDR, at 2).

**5.** That part of the qualifying condition reading "After forfeiture of a bond" is not included in the language declared unconstitutional in *Matyastik* is of no practical moment. The issue of remittitur cannot arise until after bail is forfeited. See, e.g., Articles 22.01, 22.02, 22.10, 22.11, 22.125 and 22.14.

In the instant cause, however, appellant did not move for remittitur until *after the judgment nisi was made final.* In this situation alternative remedies noticed by the court of appeals in *Makeig v. State* become available, and the majority opinion properly addresses them and ultimately concludes the trial court did not abuse its discretion in refusing remittitur.

For those reasons I join the judgment of the Court.

CAMPBELL, Judge, concurring and dissenting.

We granted review of this cause, pursuant to Texas Rule of Appellate Procedure 200(c)(1), to determine whether the court of appeals erred in holding that the trial court erred in refusing to remit the full amount of a bond to the surety. I agree with the majority's conclusion that the court of appeals erred, but I disagree completely with the majority's reasoning.

I first review the relevant facts. Thomas Earl Marks, charged in Robertson County with a misdemeanor, failed to appear for trial on December 7, 1989. On that date the trial court rendered judgment *nisi* for the State and against Marks and his surety, Vernon Lyles, jointly and severally, in the amount of Marks' bond. On December 16, 1989, Marks was re-arrested and placed in the Robertson County Jail. On *February 7, 1990,* the trial court rendered final judgment against the bond. On *March 6, 1990,* Lyles filed a motion to modify or vacate the final judgment and a second motion for remittitur of the full amount of the bond under Texas Code of Criminal Procedure article 22.16(a). The trial court denied both motions.

The Tenth Court of Appeals subsequently reversed, holding that the trial court "should have vacated or modified its February 7, 1990, [final] judgment and granted remittitur in accordance with art. 22.16(a)." *Lyles v. State,* 814 S.W.2d 411, 412 (Tex. App.—Waco 1991). The court of appeals, citing *State v. Matyastik,* 811 S.W.2d 102 (Tex.Cr.App.1991), reasoned first that, except for its reference to subsection (c), Article 22.16(a) remained an effective statute

requiring remittitur if requested before final judgment. The court reasoned second that Lyles was entitled to remittitur under Article 22.16(a) "even though [he] *presented* his request for remittitur after final judgment because (1) his response to the [State's] motion for summary judgment made such a request and (2) at the time final judgment was entered he could have relied on the nine-month-delay provision of article 22.16(c)(1) which was declared to be unconstitutional at a later date." *Lyles v. State,* 814 S.W.2d at 412 (emphasis in original).

I believe it is quite plain that the court of appeals was only half right. That is, the court of appeals was correct when it determined that Article 22.16(a) remained an effective statute except for its reference to subsection (c). The court of appeals was surely wrong, however, when it concluded that Lyles was entitled to remittitur even though he filed his motion for remittitur *after* the trial court rendered final judgment.

Article 22.16 provides in relevant part:

(a) After forfeiture of a bond *and before the expiration of the time limits set by Subsection (c) of this article,* the court shall, on written motion, remit to the surety the amount of the bond ... if:

(1) the principal is incarcerated in the county in which the prosecution is pending;

\*  \*  \*  \*  \*  \*

(c) A final judgment may be entered against a bond not earlier than:

(1) nine months after the date the forfeiture was entered, if the offense for which the bond was given is a misdemeanor; or

(2) 18 months after the date the forfeiture was entered, if the offense for which the bond was given is felony.

(d) *After the expiration of the time limits set by Subsection (c) of this article and* before the entry of final judgment against the bond, the court in its discretion may remit to the surety all or part of the amount of the bond....

(Emphasis added.) We have held that subsection (c) is violative of our state constitution's separation of powers provision and is, therefore, of no effect. *State v. Matyastik*, 811 S.W.2d 102; *Armadillo Bail Bonds v. State*, 802 S.W.2d 237 (Tex.Cr. App.1990). We have also held, albeit cryptically, that

> subsection (a) is contingent upon the time limitations established in subsection (c), and thus has no effect without the invalid provisions. Recently we stated in [*Ex parte*] *Jones* [803 S.W.2d 712, 714 (Tex. Cr.App.1991)] that "... should part of the bill be held invalid ... the remainder of the statute must be sustained if it is complete in itself and capable of being executed in accordance with the [legislative] intent wholly independent of that which has been rejected." Because subsection (a) cannot be executed or have any effect without utilizing the provisions of subsection (c), we hold that *the portion of Art. 22.16(a), V.A.C.C.P., utilizing subsection (c) is invalid* under Article 2, § 1 of the Texas Constitution. *Thus, remittitur now may be done anytime between forfeiture and entry of a final judgment.*

*State v. Matyastik*, 811 S.W.2d at 104 (emphasis added; citation and some punctuation omitted). Given the principle of *stare decisis*, the disposition of the case at bar must certainly depend in large part on what we meant in *Matyastik*.

The majority concludes from its interpretation of *Matyastik* that subsection (a) is void *in toto* because of its reference to subsection (c) and that remittitur is now discretionary with the trial court before final judgment under subsection (d). There are several problems with the majority's analysis, however. First, *Matyastik*, despite its somewhat oblique discussion, explicitly *held* that only "the portion of Art. 22.16(a), V.A.C.C.P., utilizing subsection (c) is invalid." The balance of Article 22.16(a) remains valid and is not unconstitutional, at least not under any theory yet advanced by the majority. Second, there was no

discussion in *Matyastik* concerning discretionary remittitur under subsection (d). Indeed, subsection (d) was never mentioned in our opinion. Third, subsection (a)'s constitutional infirmity—its utilization of subsection (c)—applies with at least equal force to subsection (d). Thus, if subsection (a) falls because of its reference to subsection (c), then subsection (d) must surely fall as well. There is no escaping this conclusion.

In my view, we must have been referring in *Matyastik* to *mandatory* remittitur under the surviving portions of Article 22.-16(a) *and* (d). This interpretation of *Matyastik* is the only one that is both coherent and gives some effect to the legislative scheme embodied in Article 22.16.

As it was originally conceived by the Legislature, Article 22.16 created a scheme in which sureties on bail bonds had *an absolute right to remittitur for a lengthy period of time after forfeiture* if one of the conditions specified in subsection (a) was met. Following that set period of time—defined in subsection (c)—discretionary remittitur was still possible under subsection (d) if a request was made *before final judgment.*[1] Thus, the Legislature apparently believed that it was good public policy to give bailbondsmen a strong incentive to return their principals to custody before final judgment. We can still give some effect to this legislative scheme if we construe our holding in *Matyastik* to refer to mandatory remittitur. Because of the majority's failure to do so, I respectfully dissent.

MALONEY, J., joins.

BAIRD, Judge, dissenting.

I respectfully dissent. As appellant aptly states, "[t]he cardinal rule of statutory construction is to save, not destroy." Appellant's brief, pg. 11. In *State v. Matyastik*, 811 S.W.2d 102, 104 (Tex.Cr.App.1991), we noted, "[i]t is well settled that if one part of a statute is held unconstitutional, the remainder of the statute continues to be valid." Indeed, this principle of statutory construction has been codified at Tex.

---

**1.** I concur in the *result* reached by the majority because Lyles filed his motion to vacate the

judgment and for remittitur approximately thirty days *after* the entry of final judgment.

Gov't Code Ann. § 311.032(c) which provides:

In a statute that does not contain a provision for severability or nonseverability, if any provision of the statute or its application to any person or circumstance is held invalid, the invalidity does not affect other provisions or applications of the statute that can be given effect without the invalid provision or application, and to this end the provisions of the statute are severable.

In *Matyastik*, we correctly applied § 311.032(c) and held "the portion of Art. 22.16(a), V.A.C.C.P., utilizing subsection (c) [was] invalid...." *Matyastik*, 811 S.W.2d at 104. We then concluded, that mandatory remittitur could be made *"anytime between forfeiture and entry of a final judgment."*[1] *Id.*

Today, the majority, purporting to rely on *Matyastik*, concludes that without the time limits in subsection (c) "remittitur of a forfeited bond would be mandatory *at any time after the forfeiture* because there is no judgment provision in (a). Consequently, subsection (a) cannot be executed or have any effect without the invalid provisions. Subsection (a) is thus void. We therefore hold that mandatory remittitur provisions of 22.16(a) are no longer valid. Remittitur may instead be done at the trial court's discretion at any time before entry of a final judgment [Footnote omitted]" pursuant to Tex.Code Crim.Proc.Ann. art. 22.16(d). *Lyles v. State*, 850 S.W.2d at 500 (Tex.Cr.App.1993).

To reach this holding, the majority misinterprets *Matyastik*. As I interpret *Matyastik*, the mandatory provisions of subsection (a) were still valid "anytime between forfeiture and entry of a final judgment." *Matyastik*, 811 S.W.2d at 104.

The majority justifies its holding by creating a conflict between subsections (a) and (d). The majority states "[i]f subsection (a) is to be read without reference to the time limitations of subsection (c), the trial court would no longer have" the discretion found in subsection (d). What the majority fails to recognize is that subsection (d) also relies upon the time limits set by subsection (c).[2] Consequently, if subsection (a) is unconstitutional, subsection (d) is also unconstitutional.

The majority ignores the fact that, in 1987, the Legislature amended art. 22.16 to its current form, providing for both mandatory and discretionary remittitur. Obviously the Legislature did not perceive a conflict between subsections (a) and (d). Indeed, there is no such conflict; one provides for mandatory remittitur while the other provides for remittitur at the discretion of the trial judge. In other words, if the bond is forfeited for a reason *other than* one provided by subsection (a), the trial judge may, at his discretion, nevertheless remit all or part of the amount of the bond under subsection (d).

The Legislature provided for mandatory remittitur to encourage the making of bonds for those incarcerated while awaiting trial. As the Court of Appeals recognized:

The legislature has considered the overcrowded condition of most jails and the state penitentiary, and determined it to be the public policy of allow a remittitur of an appearance bond when the principal is returned to custody prior to final judgment. In making its determination, the legislature has recognized that jail and penitentiary space is critical in Texas and that the bail bond industry provided a useful service by assuming the risk of a defendant's timely appearance in court. When a defendant is released on bail bond, the potential liability that cities and counties assume while housing persons

---

1. Unless otherwise indicated, all emphasis herein is supplied by the author.

2. Art. 22.16(d) provides:
   After the expiration of the *time limits set by Subsection (c) of this article* and before the entry of a final judgment against the bond, the court in its discretion may remit to the surety all or part of the amount of the bond after deducting the costs of court, any reasonable costs to the county for the return of the principal, and the interest accrued on the bond amount as provided by Subsection (e) of this article.

accused of crimes are eliminated as well as the financial burden for housing each prisoner. In addition, critical jail space is made available for more serious offenders.

*Lyles v. State*, 814 S.W.2d 411, 412 (Tex. App.—Waco 1991).

I believe the Court of Appeals' treatment of this case was, in all respects, correct.[3]

Keeping in mind the "cardinal rule of statutory construction" we can save, not destroy art. 22.16. I believe, consistent with our holdings in *Armadillo Bail Bonds v. State*, 802 S.W.2d 237 (Tex.Cr. App.1990) and *Matyastik*, art. 22.16 should be read as follows:

(a) <u>Anytime between forfeiture and entry of a final judgment,</u> ~~After forfeiture of a bond and before the entry of a final judgment before the expiration of the time limits set by Subsection (c) of this article,~~ the court shall on written motion, remit to the surety the amount of the bond. . . .

(b) No change.

~~(c) A final judgment may be entered against a bond not earlier than:~~

~~(1) nine months after the date the forfeiture was entered, if the offense for which the bond was given is a misdemeanor; or~~

~~(2) 18 months after the date the forfeiture was entered, if the offense for which the bond was given is a felony.~~

(d) <u>Anytime between forfeiture and</u> ~~After the expiration of the time limits set by Subsection (c) of this article and before the~~ entry of a final judgment against the bond. . . .

(e) No change.

---

**3.** Judge Campbell believes the court of appeals "was surely wrong, however, when it concluded that Lyles was entitled to remittitur even though he filed his motion for remittitur *after* the trial court rendered final judgment." *Lyles v. State,* 850 S.W.2d at 505 (Campbell, J., Concurring and Dissenting), (Emphasis in original.). I disagree. The record reflects the trial judge entered a judgment on February 7, 1990 and Lyles filed his motion to modify less than thirty days later,

Because the majority destroys rather than saves art. 22.16, I respectfully dissent.

March 6, 1990. Accordingly, the judgment was *not* final under Tex.R.Civ.Proc.Ann. 329b (d), (e) and (f). *See also,* prior Rule 329b(5) (Judgments shall be come final after the expiration of thirty (30) days the date of rendition of judgment or order overruling an original or amended motion for new trial.) Accordingly, the judgment was not final and the remittitur was mandatory under *Matyastik.*