Opinion issued June 19, 2003













In The
Court of Appeals
For The
First District of Texas




NO. 01-01-01145-CR




JAMES W. STRATTON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the County Criminal Court at Law No. 6
Harris County, Texas
Trial Court Cause No. 1062097




MEMORANDUM OPINION
           Appellant, James W. Stratton, was charged by information with the Class A
misdemeanor of operating as an unlicensed salvage dealer. A jury found appellant guilty as
charged, and the trial court assessed punishment at 10 days in jail and a $4,000 fine. We
affirm. 

BACKGROUND
           Appellant began operating an auto-salvage business in Houston in 1993 under the
name, “Any Part U Pick.” He filed, in Harris County, a certificate of operation (d/b/a
certificate) under the assumed name of “Any Part U Pick” and showing himself as the owner
of the business. He also applied for and was issued a salvage-vehicle-dealer license. The
most recent renewal of that license expired on January 31, 2001. 
           On May 31, 2001, Christopher Malek, a Houston Police Department officer with the
auto theft division, observed customers coming and going from Any Part U Pick. Having
reason to believe that the business was operating without a license, he called for uniformed
back-up and arrested appellant after appellant was identified by employees as the owner of
the business. 
           At trial, Officer Malek testified that he observed the business, which was open and
operating, for an hour before calling the uniformed officers and making the arrest. He
testified that he found three late-model salvage vehicles with 75% to 95% damage ratings on
the lot. He further testified that a license from the State of Texas was required to acquire or
sell such vehicles. Officer Malek testified that he determined that appellant was the owner
of the business by questioning the employees and appellant’s son and by searching records,
including the d/b/a certificate, the expired license, and the Harris County Tax Assessor-Collector’s delinquent property tax statement showing taxes, penalty, and interest due from
“James Stratton d/b/a Any Park [sic] U Pick” from 1994 through 2000. 
           Todd Huber, a salesman for Any Part U Pick, testified that he saw appellant at the
business only four times and that, on those occasions, appellant stayed three to five minutes
or 15 minutes at the most. Huber also testified that he did not sell any parts from the late-model salvage vehicles. He conceded that the vehicles were on the lot and the parts were
available for him to sell. 
           Appellant’s wife testified that appellant had not been active in the business for the
past two years. She testified that she did not think her husband or their son had held
themselves out as co-owners in the previous year, but she was not sure about the previous
two years. 
           On appeal, appellant, who appears pro se, challenges the sufficiency of the evidence
to support his conviction, the jury selection, the fairness of the trial court, the trial court’s
rulings on a request to videotape the trial and the admission of documents and testimony, the
trial court’s failure to give the jury a copy of the statute defining the offense, and the assessed
punishment.


 
DISCUSSION
           Appellant’s brief cites no authority for any of his complaints. Nevertheless, we
consider each of his issues in the interest of justice. 
1.        Sufficiency of the Evidence
           In his first issue, appellant states that this case is about whether he “broke the law by
not having a Texas State Salvage License and engaging in activities that required that
license.” Appellant asserts that he “did not engage in such activities.” We construe
appellant’s complaint to challenge the legal and factual sufficiency of the evidence to support
his conviction. 
           The standard for reviewing the legal sufficiency of the evidence is whether, after
reviewing the evidence in the light most favorable to the verdict, any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. Jackson
v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89 (1979). In reviewing the evidence
for factual sufficiency, we ask whether a neutral review of all the evidence, both for and
against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine
confidence in the jury’s determination, or whether the proof of guilt, although adequate if
taken alone, is greatly outweighed by contrary proof. King v. State, 29 S.W.3d 556, 563
(Tex. Crim. App. 2000). 
           Appellant was charged with a violation of article 6687-1a, section 4.02(a) of the
Revised Civil Statutes, which provides, 
A person commits an offense if the person acts as a salvage vehicle
dealer without a salvage vehicle dealer license issued under this article. 

Tex. Rev. Civ. Stats. Ann. art. 6687-1a, § 4.02(a) (Vernon Supp. 2003). The statute
defines “salvage vehicle dealer” as 
a person who is engaged in this state in the business of acquiring, selling, or
otherwise dealing in salvage vehicles or vehicle parts of a type required to be
covered by a salvage vehicle certificate of title or nonrepairable vehicle
certificate of title under a license issued by the department that allows the
holder of the license to acquire, sell, dismantle, repair, or otherwise deal in
salvage vehicles. 

Id. § 1.01(17) (Vernon Supp. 2003). The statute defines “salvage vehicle” or “late model
salvage vehicle” as
a late model motor vehicle with a major component part that is damaged or
missing to the extent that the total estimated cost of repairs to rebuild or
reconstruct the vehicle, including parts and labor, but excluding the cost of
repairs to repair hail damage, is equal to or greater than an amount equal to 75
percent of the actual cash value of the vehicle in its predamaged condition[.]

Id. § 1.01(14)(A) (Vernon Supp. 2003). A “late model motor vehicle” is defined as “a motor
vehicle with a model year equal to the then current calendar year or one of the five preceding
calendar years.” Id. § 1.01(6) (Vernon Supp. 2003). 
           Officer Malek’s testimony and the documents admitted into evidence were evidence
that appellant was the owner of Any Part U Pick, that Any Part U Pick was in the salvage-vehicle business, and that the business dealt with late-model salvage vehicles. This evidence
was legally sufficient to support appellant’s conviction. 
           Appellant’s witnesses testified that appellant was no longer heavily involved in the
operation of Any Part U Pick and that appellant had not held himself out as the owner for the
previous year. This evidence does not greatly outweigh the documents evidencing
appellant’s ownership or the testimony of Officer Malek. We hold that the evidence was
factually sufficient to support appellant’s conviction. 
           We overrule appellant’s first issue. 
2.        Bias
           In his third issue, appellant complains that the trial court was biased against him. 
Appellant refers to five pages of the record of voir dire as evidencing the court’s prejudice,
but does not state specifically which statements he considers prejudicial or in what way any
of the trial court’s statements show bias. 
           In the cited five pages, the trial court spoke to the venire panel about the importance
of their role as potential jurors and the need for candor in responding to the questions asked
by the State and appellant. The court asked the panel members to respond if they did not
want to be on the panel, or if they would rather serve on a major case, or if they could not be
fair to appellant. One member of the panel, number 12, stated that she could not be fair. The
trial court reminded her that she should not make up her mind until after she had heard the
evidence. She was not selected for the jury.


 This record does not show bias. 
           We have reviewed the entire record and find nothing to indicate that the trial court
was biased. We overrule appellant’s third issue. 
3.        Request to Videotape Trial
           In his fourth issue, appellant complains that the trial court denied appellant’s request
to videotape the trial. Appellant asserts, without citing any authority, that he has “an absolute
right to record his own trial, at his own expense, in any manner that is not disruptive to the
court proceedings.” 
           A trial court’s inherent power includes broad discretion over the conduct of its
proceedings. State ex rel. Rosenthal v. Poe, 98 S.W.3d 194, 199 (Tex. Crim. App. 2003). 
Thus, we review the trial court’s ruling for abuse of discretion. The test for abuse of
discretion is whether the court acted without reference to any guiding rules or principles. 
Lyles v. State, 850 S.W.2d 497, 502 (Tex. Crim. App. 1993). 
           Initially, we note that there are no rules requiring a trial court to grant a motion to
videotape a trial. There are two cases holding that a trial court does not abuse its discretion
in refusing to allow videotaping of voir dire proceedings. See Massey v. State, 933 S.W.2d
141, 151 (Tex. Crim. App. 1996); Curry v. State, 910 S.W.2d 490, 492 (Tex. Crim. App.
1995). We are of the opinion that the reasoning in Massey and Curry applies to the present
case. Accordingly, we hold that the trial court did not abuse its discretion in denying
appellant’s motion to videotape the trial. 
           We overrule appellant’s fourth issue. 
4.        Charge Error
           In his seventh issue, appellant complains that the jury was not given a copy of “Texas
Traffic Law section 4.02(a) and it was excluded from the court file.” We construe
appellant’s complaint to be that the trial court erred in omitting section 4.02(a) from the
charge to the jury. Because appellant did not make this objection in the trial court, but urges
it for the first time on appeal, we may reverse only if we find that the trial court erred and the
error caused egregious harm to appellant.


 See Almanza v. State, 686 S.W.2d 157, 171 (Tex.
Crim. App. 1984). 
           The first paragraph of the jury charge provided that appellant was charged “with the
offense of acting as a salvage vehicle dealer, without a salvage vehicle dealer license issued
under Article 6687-1a, Section 4.02a of the Texas Civil Statutes . . . .” The application
paragraph of the charge stated, “Therefore, if you believe from the evidence beyond a
reasonable doubt that . . . the defendant, JAMES WINSTON STRATTON, did intentionally
or knowingly act as a salvage vehicle dealer, without a salvage vehicle dealer license issued
under Article 6687-1a, Section 4.02a of the Texas Civil Statutes, you will find the defendant
guilty.” Thus, the substance of section 4.02(a) was stated twice in the charge to the jury:
once to inform the jury of the offense with which appellant was charged and once to inform
the jury of the standard by which it was to determine appellant’s guilt or innocence. 
           We hold that the substance of section 4.02(a) was stated sufficiently in the jury charge
and that the trial court did not err in not providing the jury with a copy of the statute. We
overrule appellant’s seventh issue. 
5.        Issues Not Preserved
           In his second issue, appellant contends that the jury selection was unfair and asserts,
“The Court does not remove jurors (Juror Number Seven and Juror Number Twelve in this
case.).” In his eighth issue, appellant contends that the punishment of 10 days in jail and a
fine of $4,000 assessed by the trial court was excessive. Appellant did not object to juror
number seven or juror number 12 during or at the close of voir dire and did not object at trial
to the severity of his punishment. Appellant has not preserved his right to appeal these issues
because he has raised the complaints for the first time on appeal. See Tex. R. App. P.
33.1(a)(1); Solis v. State, 945 S.W.2d 300, 302 (Tex. App.—Houston [1st Dist.] 1997, pet.
ref’d). 
           In his fifth issue, appellant complains that the trial court refused to admit two
documents offered as evidence by appellant. In his sixth issue, appellant complains that the
trial court would not allow evidence or testimony about a city license issued to appellant, but
allowed the State to make a reference to the license. To preserve a complaint regarding the
exclusion of evidence, a party must make an offer of proof or file a bill of exceptions. See
Guidry v. State, 9 S.W.3d 133, 153 (Tex. Crim. App. 1999). Appellant did neither. 
           We overrule appellant’s issues two, five, six, and eight because he has not preserved
these complaints for review. 
           We affirm the judgment. 
 
                                                                  Sam Nuchia
                                                                  Justice

Panel consists of Justices Hedges, Nuchia, and Keyes.

Do not publish. Tex. R. App. P. 47.2(b).