ACCEPTED
01-14-00924-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
8/14/2015 3:32:32 PM
CHRISTOPHER PRINE
CLERK

No. 01-04-00924-CR

**IN THE COURT OF APPEALS**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
8/14/2015 3:32:32 PM
CHRISTOPHER A. PRINE
Clerk

**FOR THE FIRST DISTRICT OF TEXAS AT HOUSTON**

---

**Ex Parte Nii-Otabil Nelson**

---

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trail Court Cause No. 1372073-A**

---

ANDRE EVANS & ASSOCIATES, PLLC
Andre D. Evans (SBOT 24082970)
3003 South Loop West Set. 108
Houston, Texas 77054
Telephone:      (832) 941-1282
Facsimile:      (646) 304-1054

Attorney for Appellant

**APPELLANT'S MOTION FOR REHEARING**

**TO THE HONORABLE COURT OF APPEALS:**

Nii-Otabil Nelson, Appellant, petitions this Court for a rehearing in the above-styled matter after an unpublished opinion, dated June 30, 2015, which affirmed the trial court's order denying appellant's habeas relief.

## POINTS RELIED ON FOR REHEARING

1. The trial court abused its discretion when failing to include defense counsel's misstatement of law in its finding of facts.

2. The court of appeals erred in holding that Appellant cannot establish the second prong of the *Strickland* test.

3. Appellant's plea was not voluntary, and the Court of Appeal's upholding of the trial court's ruling is the fruit of a violation of his Sixth Amendment right to counsel.

## ARGUMENT

**A. The trial court abused its discretion when failing to include defense counsel's misstatement of law in its findings.**

A trial court abuses its discretion when it acts arbitrarily and unreasonably or without reference to guiding principles. *Lyles v. State,* 850 S.W.2d 497, 502 (Tex.Crim.App.1993). Here, Appellant was incorrectly informed by his trial counsel that "he would have thirty days to come back and go over all the subpoenaed records that he had or to correct any problems." See *RR* 5:23-25; 6:1-4. Appellant's trial counsel's statement was both, a factual and legal material misrepresentation that the Appellant relied upon in making plea of *nolo contedere*. *RR* 6:1-2.

In the context of pleas, the focus of the prejudice inquiry is "on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. at 59, 106 S. Ct. at 370. It is clear from the record that the attorney for the State, Celeste Byrom, was under the impression that no affirmative acts done by the trial counsel were sufficient to establish an ineffective assistance of counsel claim. See *Record of August 28, 2014 Oral Writ Hearing* at 7 (14-17).

**Byrom:** "Whether or not the defendant believes that Mr. Simmons did X, Y, and Z is not the issue. The issue here is was Mr. Simmons fully prepared for trial." *RR* 7:14-17.

Byrom's statements were misstatements of the law, which went without objection in open court and were seemingly relied upon in the trial court's decision.

It is axiomatic that, "to be constitutionally valid, a plea of guilty must be knowingly and voluntarily made." *United States v. Brown*, 117 F.3d 471, 473 (11th Cir. 1997). And "a guilty plea is not knowingly and voluntarily made when the defendant has been misinformed" as to a crucial aspect of his case. Id. Appellant's plea was rendered involuntary because Appellant was unconstitutionally induced into making a plea of *nolo contendere*, by trial counsel's misrepresenting a material aspect of Appellant's rights following the plea.

While, it has been long held that a defendant's reliance upon a defense lawyer's material misrepresentations made to the defendant during the plea stage is grounds to render a plea involuntary due to ineffective assistance of counsel, the prosecutor, Celeste Byrom, in the present case blatantly disregarded such as a basis for Appellant's claim. Thus, Byrom's actions were unreasonable, and prejudicial. Accordingly, the trial court's failure to consider, arguably the most compelling accusation in support of Appellant's ineffective assistance of counsel claim, is prejudicial and amounts to an abuse of discretion because it is a departure from the applicable legal inquiry.

Reversal is required because the trial court's failure to consider, or to provide a basis for rejection of Appellant's assertion that he was misled by his trial counsel about a material aspect of his plea, which is grounds for a ineffective assistance of counsel

determination, is a gross deviation from the administration of justice; a departure from the legal question at hand, and a willful and wanton violation to Appellant's sixth amendment right to counsel.

Further, it is apparent from the trial court's finding of facts and conclusion of law that it viewed the evidence in a light most favorable to the Appellant's defense counsel, and not the Appellant. The trial court gave greater reverence to trial counsel's affidavit, which failed to refute Appellant's damning allegation that he misinformed the Appellant on his rights following the plea; when both, the Appellant's and Trial Counsel's affidavits shared the same evidentiary basis. Therefore, the trial court further abused its discretion by acting arbitrarily, unreasonably and without reference to guiding principles.

**B.      The court of appeals erred in holding that Appellant cannot establish the second prong of the *Strickland* test.**

The appellate court appropriately applied the *Strickland* test, in determining whether Appellant's plea was involuntary, however the Court's findings were saturated by the lower court's failure to uphold Appellant's constitutional rights. In order to satisfy the two-pronged *Strickland* test to be entitled to relief from a guilty plea, appellant must show by a preponderance of the evidence that (1) trial's counsel's performance fell below the objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. at 687-88, 694, 104 S. Ct. at 2064, 2068; *see also Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

Presently, our focus is on the second prong, reasonable probability. A "reasonable probability" that the outcome would have been different for purposes of an ineffective assistance of counsel claim is a probability sufficient to undermine confidence in the outcome. *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005).

In *Andrews*, the court found that the prosecutor's misstatement of the law regarding the defendant's punishment, and the defense counsel's failure to object to, or correct the misstatement, was sufficient enough to undermine the confidence in the outcome. In the present case, similar to *Andrews*, the outcome relied upon multiple misstatements of the law. Appellant was incorrectly informed by his trial counsel that "he would have thirty days to come back and go over all the subpoenaed records that he had or to correct any problems." Also, the attorney for the State, Celeste Byrom, argued that no affirmative acts done by the trial counsel were sufficient to establish an ineffective assistance of counsel claim. See *Record of August 28, 2014 Oral Writ Hearing* at 7 (14-17).

Thus, the defense counsel's affirmative misstatement of the law to Appellant, and not mere omission, independently or combined with the State's improper recitation of the legal question, must certainly be sufficient to undermine the confidence in the outcome of the plea process. Therefore, reversal is required because Appellant's reasonable probability burden has been met.

**C.** **The Court of Appeal's upholding of the trial court's ruling is the fruit of a violation of his Sixth Amendment right to counsel.**

As stated earlier, it is axiomatic that, "to be constitutionally valid, a plea of guilty must be knowingly and voluntarily made." *United States v. Brown*, 117 F.3d 471, 473 (11th Cir. 1997). And "a guilty plea is not knowingly and voluntarily made when the defendant has been misinformed" as to a crucial aspect of his case. Id.

This Court's upholding of the lower court's ruling is the fruit of the lower court's violation of Appellant's Sixth Amendment right to counsel. When reviewing a trial court's ruling on a habeas corpus application, the reviewing court must view the evidence presented in the light most favorable to that ruling, the court must uphold that ruling absent an abuse of discretion. *See Ex parte Mandujuano*, 2013 WL 4007801, at *3 (citing *Ex parte Ali*, 368 S.W.3d at 831). The reviewing court "affords almost total deference to at trial court's finding of facts in habeas proceedings, especially when those findings are based upon credibility and demeanor." *Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crime. App. 2006). Because this Court is beholden to this standard, its upholding of the trial court's ruling is a direct result of the trial court's abuse of discretion in its failure to include Appellant's most compelling assertion in its findings of facts. A failure to reverse the ruling of the trial court will mean a failure to protect Appellant's constitutional rights, both on the trial, and appellate level.

## PRAYER

For these reasons, Appellant, requests that this court grant this motion for rehearing, withdraw its prior opinion and judgment, and issue an opinion and judgment reversing the trial court's judgment. Appellant also requests a new trial or any other relief to which he may be entitled.

Respectfully Submitted,


ANDRE EVANS & ASSOCIATES, PLLC
3003 South Loop West Set. 108
Houston, Texas 77054
Telephone:      (832) 941-1282
Facsimile:      (646) 304-1054


By: /s/ Andre D. Evans
Andre D. Evans
(SBN 24082970)
andre@attorneyandreevans.com
Attorney for Appellant


**CERTIFICATE OF COMPLIANCE**

I certify that this document was produced on a computer using Microsoft Word 2007 and

contains 1,636 words, as determined by the computer software's word-count function, excluding

the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1).


By: /s/ Andre D. Evans
Andre D. Evans
Attorney for Appellant

**CERTIFICATE OF SERVICE**

I certify that a copy of Appellant's Motion for Rehearing was served on the State of Texas by and through his counsel of record, by electronic transmission on August 14, 2015.

By: /s/ Andre D. Evans
Andre D. Evans
Attorney for Appellant