**Opinion issued December 13, 2018**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-18-00855-CR

_____

## EX PARTE DEAN WESLEY WYMAN, Appellant

---

### On Appeal from the County Criminal Court at Law No. 4
### Harris County, Texas
### Trial Court Case No. 2100499

---

## MEMORANDUM OPINION

Dean Wesley Wyman appeals the trial court's order denying his post-conviction application for writ of habeas corpus. In two issues, Wyman argues that the trial court erred in denying his application because he received ineffective assistance of counsel. We affirm.

Wyman pleaded guilty to the misdemeanor offense of assault/family violence in 2007. He received a sentence of deferred adjudication and a fine. After violating terms of his deferred adjudication community supervision, he was adjudicated guilty and sentenced in 2010 to 20 days in the Harris County Jail.

In 2016, Wyman filed an application for writ of habeas corpus and in 2018, he filed an amended application, seeking to vacate his conviction. Wyman claimed that his trial counsel was ineffective because she failed to investigate and advise him of the consequences of his plea.

The trial court found that counsel's performance was not deficient and that Wyman failed to show his plea was involuntary. The State argued, and the trial court agreed, that the doctrine of laches also applied.

Wyman filed his application under Article 11.09 of the Code of Criminal Procedure, which provides:

> If a person is confined on a charge of misdemeanor, he may apply to the county judge of the county in which the misdemeanor is charged to have been committed, or if there be no county judge in said county, then to the county judge whose residence is nearest to the courthouse of the county in which the applicant is held in custody.

TEX. CODE CRIM. PROC. art. 11.09.

Although Wyman is not currently incarcerated, he contends that he may seek habeas relief given the collateral consequences from his plea. The record shows no

State challenge to Wyman's lack of confinement and it was not addressed in the trial court's findings of fact.

Wyman claims he meets the confinement requirement because the collateral consequences of his conviction include state action that prevents him from obtaining employment with the Department of Defense. In support of this claim, Wyman relies upon *Ex parte Wolf*, 296 S.W.3d 160 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd), which held that an applicant's "inability to obtain employment in the banking and securities industry [constituted] collateral consequence pursuant to state action" that was sufficient to satisfy the requirement of confinement. *Id.* at 166–67. Wyman contends that his circumstances mirror those in *Wolf* and thus, habeas relief is appropriate. In *Wolf*, the State conceded that habeas corpus jurisdiction may be based on collateral consequences resulting from state action. *See id.* at 166. The state action found in *Wolf* was a state agency making information concerning Wolf's criminal history available to other government agencies. *See id*.

Here, Wyman claims that he is unable to obtain employment with the Department of Defense because his conviction prevents him from obtaining the required security clearance. Thus, the state action of making information about Wyman's conviction available to the Department of Defense constitutes a collateral consequence that can support habeas corpus jurisdiction. *See id.* at 167.

3

Wyman argued that the trial court erred in denying relief because he established that his plea was involuntary due to trial counsel's ineffective assistance. In particular, Wyman claimed that counsel's performance was deficient because she failed to advise Wyman of the consequences of his plea and to investigate and present a defense.

In reviewing a trial court's denial of a habeas application, we review the evidence in the light most favorable to the trial court's ruling, upholding the ruling unless the appellant shows that the trial court committed an abuse of discretion. *See Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). A trial court abuses its discretion if it acts without reference to any guiding rules or principles or acts arbitrarily or unreasonably. *See Lyles v. State*, 850 S.W.2d 497, 502 (Tex. Crim. App. 1993).

To prevail on a claim of ineffective assistance of counsel, Wyman must show that his counsel's performance was deficient, and that this deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687–96, 104 S. Ct. 2052, 2064–69 (1984); *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). To establish prejudice, Wyman must show "a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different." *Bone*, 77 S.W.3d at 833. "A 'reasonable probability' is one sufficient to undermine confidence in the outcome." *Id.* In reviewing counsel's representation,

we presume that "counsel's actions fell within the wide range of reasonable and professional assistance." *Id.*

If the trial court made no explicit findings of fact supporting its ruling, we will imply findings supporting the ruling as long as evidence supports the implied findings. *See Ex parte Montano*, 451 S.W.3d 874, 877 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). "We similarly defer to any implied findings and conclusions supported by the record." *Ex parte Aguilera*, 540 S.W.3d 239, 246 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (internal quotations and citation omitted).

Wyman's trial counsel provided an affidavit, in which she stated that she did not independently recall the case, but that it was her usual practice to recommend a complete investigation before a plea, in which she would attempt to contact all witnesses to confirm or deny the facts as presented in offense reports, and she would hire an investigator when appropriate. Counsel spoke with Wyman's wife as part of her preliminary investigation. Once an offer was made by the State, it was counsel's practice to convey the offer to the defendant and to recommend not rushing the decision. Counsel stated she would never recommend a plea that would negatively affect a person's ability to work and she always advised her clients of the negative ramifications even of a deferred adjudication in a family violence case.

Based on this evidence, we imply findings that Wyman's trial counsel acted according to her usual and customary practice to conduct an investigation before

5

pleading Wyman's case, and to advise Wyman of his options and the consequences of his plea. These findings support the trial court's determination that Wyman failed to meet his burden of establishing ineffective assistance by his trial counsel. Because Wyman has not established that the trial court abused its discretion in denying his application, we overrule his issues. Accordingly, we need not address the State's alternative ground for denying relief based on the doctrine of laches. *See Ex parte Medina*, No. 01–16–00673–CR, 2017 WL 343614, at \*2 (Tex. App.—Houston [1st Dist.] Jan. 24, 2017, no pet.); TEX. R. APP. P. 47.1.

We affirm the trial court's order. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Massengale, and Brown.
Do not publish. TEX. R. APP. P. 47.2(b).