Affirmed; Opinion of February 13, 2003, Withdrawn and Substitute Opinion
filed April 10, 2003














Affirmed;
Opinion of February 13, 2003, Withdrawn
and Substitute Opinion filed April 10, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00381-CR

____________

 

EX PARTE MOSES I. ALAKAYI, Appellant

 

_________________________________________________

 

On Appeal from
the 176th District Court

Harris County, Texas

Trial Court
Cause No. 904,854

 

________________________________________________

 

S U B S T I
T U T E   O P I N I O N

            We withdraw the opinion issued in
this case on February
 13, 2003, and we issue the following opinion in its
place.  

            Moses Alakayi
appeals the denial of his application for writ of habeas corpus in which he
asked the trial court to set aside two amended conditions of community
supervision that prohibit him from having any contact with minors, including
his two-year-old son.  We affirm.




                               I. Factual and Procedural Background

            Appellant
pleaded guilty to the offense of sexual assault.  The trial court deferred adjudication of
guilt and placed appellant on community supervision for ten years, beginning in
March of 1996.  The trial court modified
the conditions of appellant’s community supervision twice between March of 1996
and January of 2002.  In January of 2002,
the trial court modified these conditions a third time by signing an order
entitled “Third Amended Conditions of Community Supervision” (hereafter
“Amended Conditions”).

            Amended Condition 18 prohibits
appellant from having any contact with any minor under the age of seventeen,
beginning January 11, 2002, for any reason except as specifically permitted by
the court.  Appellant has court-ordered
supervised visitation with his daughter under the divorce decree that ended
appellant’s first marriage.  Amended
Condition 18 expressly excepts appellant’s daughter.[1]  But appellant’s two-year old-son from a
subsequent marriage is not excepted. 
Amended Condition 18 prohibits appellant from living with or having any
contact with his son, who was born during the ten-year community-supervision
period.  At the time the conditions were
amended, appellant’s son had lived with appellant since birth.    

            Amended Condition 19 creates what is
known as a “child-safety zone,” which prohibits appellant from going within 100
yards of “premises where children commonly gather” and from supervising or
participating in any athletic, cultural, or civic program involving persons
seventeen years old or younger.  This
condition precludes appellant from transporting his son to a daycare facility,
as appellant had been doing on work days before these conditions were imposed.[2]  

            Appellant filed an application for writ
of habeas corpus asking the trial court to set aside or stay Amended Conditions
18 and 19.  The trial court signed an
order that a writ of habeas corpus issue and that the effective date of Amended
Conditions 18 and 19 be stayed pending a hearing on whether appellant’s
allegations entitled him to relief.  At
the habeas corpus hearing, appellant testified that, up to and including the
time of the hearing, he lived alone with his son and was his son’s only
caretaker because his wife was completing her residency as a medical doctor in
Odessa, Texas, and because there were no other relatives in Houston, where he
and his son live.  Appellant also
testified as to his daily routine with his son, which included dropping his son
off at a daycare facility before going to work and picking his son up from that
facility after work.  Appellant stated he
had “completed all conditions of probation” other than Amended Conditions 18
and 19.[3]  Appellant did not present any other evidence,
and the trial court denied his request to set aside or stay Amended Conditions
18 and 19 for the remainder of appellant’s community supervision.  In ruling, the trial court stated that one of
the reasons it added Amended Conditions 18 and 19 was that appellant “has not
been in total compliance with his probation.” 
The trial court also stated that its decision was based on a review of
appellant’s probation file and “all the troubles [appellant]’s been in” during
the probationary period.  The trial court
did not state its reasons in any further detail.

II.  Standard of Review

            The applicant for a writ of habeas
corpus has the burden of proving his allegations by a preponderance of the
evidence.  Parrish v. State, 38
S.W.3d 831, 834 (Tex. App.—Houston [14th Dist.] 2001, pet. ref’d).
 We
review a trial court’s ruling on a habeas corpus application for an abuse of
discretion.  Id.  We decide whether a
trial court abused its discretion by determining whether the court acted
without reference to any guiding rules or principles, or in other words, whether
the court acted arbitrarily or unreasonably. 
Lyles v. State, 850 S.W.2d 497, 502 (Tex. Crim. App. 1993).  A
trial court abuses its discretion when its decision lies outside of the zone of
reasonable disagreement.  Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App.
1990) (op. on reh’g). 

                                                       III.  Issues
Presented

            Appellant challenges the trial
court’s denial of habeas corpus relief, asserting the following issues for
review: 

(1)       Did the trial court
abuse its discretion by imposing Amended Conditions 18 and 19 on the grounds
these conditions are unreasonable and violate article 42.12, section 11(a) of
the Texas Code of Criminal Procedure?

(2)       Did the trial court lack
authority to impose Amended Conditions 18 and 19 because the victim of the offense
was allegedly not a child?

(3)       Did the trial court
violate section 153.193 of the Texas Family Code by upholding Amended
Conditions 18 and 19 without analysis of the best interest of appellant’s
child? 

(4)       Are Amended Conditions
18 and 19 an unlawful infringement on appellant’s familial rights under the
First, Ninth, and Fourteenth Amendments to the United States Constitution?   

 

            On appeal, appellant also has filed
a motion asking this court to judicially notice that the female he sexually
assaulted was twenty years old at the time of the offense. 

                                               IV.  Analysis and Discussion

A.        Do Amended Conditions 18 and 19 violate article 42.12,
section 11(a) of the Texas Code of Criminal Procedure as well as appellant’s
constitutional rights?

 

            In his first issue, appellant
asserts the trial court erred in imposing Amended Conditions 18 and 19 because
they are unreasonable and violate article 42.12, section 11(a) of the Texas
Code of Criminal Procedure.  In his
fourth issue, appellant asserts that Amended Conditions 18 and 19 violate
appellant’s rights under the First, Ninth, and Fourteenth Amendments to the
United States Constitution because they deprive him of his right to associate
with his son and maintain his family. 

            Article 42.12, section 11(a) of the
Texas Code of Criminal Procedure gives the trial court wide discretion to
modify conditions of community supervision.[4]  See
Fielder v. State, 811 S.W.2d 131,
134 (Tex. Crim. App. 1991).  However, permissible conditions should have a
reasonable relationship to the treatment of the accused and the protection of
the public.  See id.  On appeal, we therefore review appellant’s
first issue to determine if the trial court abused its discretion based on the
following criteria: 

(1)       whether Amended
Conditions 18 and 19 have no relationship to the offense of sexual assault; 

(2)       whether Amended
Conditions 18 and 19 relate to conduct that is not in itself criminal; and 

(3)       whether Amended
Conditions 18 and 19 forbid or require conduct that is not reasonably related
to appellant’s future criminality or do not serve the statutory ends of
community supervision. 

 

See Ex parte
Renfro, 999 S.W.2d 557, 560 (Tex. App.—Houston [14th Dist.] 1999,
pet. ref’d) (party attacking condition of community
supervision generally must show condition has all three of these
characteristics).  

            The record shows that, during the
community-supervision period, Amended Conditions 18 and 19 prohibit appellant
from having any contact with his son and from living with his wife as long as
she is living with their son.  The right
to “establish a home, and bring up children” has long been recognized as a
fundamental liberty interest which the State may not abridge without due
process of law.  Meyer v. Nebraska, 262
U.S. 390, 399, 43 S. Ct. 625, 626, 67 L. Ed. 1042 (1923).  In Roberts
v. Jaycees, the United States Supreme Court elaborated that the
relationships attendant to the creation and sustenance of a family are entitled
to the highest degree of constitutional protection because they have played a
critical role in the culture and traditions of our nation and establish a
critical buffer between the individual and the State.  468 U.S. 609, 617–20, 104 S. Ct. 3244,
3249–51, 82 L. Ed. 2d 462 (1984); see
also Troxel v. Granville, 530 U.S. 57, 66, 120 S. Ct. 2054, 2060, 147 L. Ed. 2d 49 (2000)
(plurality op.) (stating that “it cannot now be doubted that the Due Process
Clause of the Fourteenth Amendment protects the fundamental right of parents to
make decisions concerning the care, custody, and control of their children” and
citing many cases in support of this proposition).

            Whether Amended Conditions 18 and 19
unduly intrude on appellant’s constitutionally protected freedoms also depends
on whether these conditions are reasonably related to the purposes of community
supervision.  See Macias v. State, 649 S.W.2d 150, 152 (Tex. App.—El Paso 1983,
no writ.).  A community-supervision
condition is not necessarily invalid because it interferes with the exercise of
constitutionally protected rights.  See Lee v. State, 952 S.W.2d 894, 900
(Tex. App.—Dallas 1997, no pet.); Macias,
649 S.W.2d at 152.  A
community-supervision condition that bears a reasonable relationship to the
purposes of community supervision is not unduly intrusive on constitutional
rights.  See Lee, 952 S.W.2d at 900; Macias,
649 S.W.2d at 152.  Texas courts have
used three factors to determine whether community-supervision conditions reasonably
relate to the purposes of community supervision so that they do not violate the
probationer’s constitutional rights: (1) the purposes sought to be served by
community supervision, (2) the extent to which constitutional rights enjoyed by
law-abiding citizens should be accorded probationers, and (3) the legitimate
needs of law enforcement.  See Lee, 952 S.W.2d at 900; Macias, 649 S.W.2d at 152.    

            At the habeas corpus hearing,
appellant had the burden of proving facts entitling him to the requested
relief. 
See Ex parte Kimes,
872 S.W.2d 700, 703 (Tex. Crim. App. 1993); see also Rodriguez v. State, 93 S.W.3d
60, 69 (Tex. Crim. App. 2002) (stating that when the
constitutionality of a statute is attacked, courts presume the Legislature has
not acted unreasonably or arbitrarily, and the burden of proving
unconstitutionality is therefore on the party challenging the statute).  Though Amended Conditions 18 and 19 place a
heavy burden on appellant, we conclude that appellant did not support his
complaints under his first and fourth issues with sufficient evidence.  

            At the habeas corpus hearing, the
trial court afforded appellant an opportunity to present evidence in support of
his challenges to Amended Conditions 18 and 19. 
The reporter’s record for the hearing is less than seven pages long,
exclusive of signature and preliminary pages. 
Appellant was the only witness. 
Appellant testified that, up to and including the time of the hearing,
he lived alone with his son and was his son’s only caretaker because his wife
was completing her residency as a medical doctor in Odessa, Texas, and because
there were no other relatives in Houston. 
Appellant also testified as to his daily routine with his son, which
included dropping his son off at a daycare facility before going to work and
picking him up after work.  Appellant
stated he had “completed all conditions of probation” other than Amended
Conditions 18 and 19.  Appellant did not
present any other evidence, and the trial court denied his request to set aside
or stay Amended Conditions 18 and 19. 
After the trial court denied appellant’s request for habeas corpus
relief, the following exchange occurred:

Mr. House 
[Appellant’s Counsel]: Judge, we’d ask that the court reconsider.  He has no one to take care of the child.  There’s been no–his polygraphs have shown no–

The Court:  I don’t know
if you want to get into that.  If we’re
going to get into the fact that he has not done everything that he’s supposed
to have done on probation, if we’re going to have a full hearing I will get the
probation officer over here and we can go through his file and we can talk
about all the troubles he’s been in since he’s been on probation for this
offense.  

Mr.
House:  Okay, I understand.

The Court:  Well, that
was one of the reasons why I added this as one of the conditions, he has not
been in total compliance with his probation.  It’s my position he’s lucky to still be on
probation right now.

            . .
.

Mr.
House:  Judge, we would ask that you hold this
amendment in abeyance.

The Court:  I’m not
going to hold the amendment in abeyance. 
I do what I do based on reading the file, going through the file, seeing
the trouble he’s been in, and now finding out that he’s violating his probation
every day, when he takes the child to the day-care center which he’s not
supposed to be doing.  If there is a problem
with people who don’t understand the conditions, maybe the easiest place to put
this defendant is back into custody so we don’t have anymore [sic] violations;
but no I’m not going to stay the amendment of the conditions.  He is to have no contact with any minor under
the age of 17.

 

            At the habeas corpus hearing,
appellant did not prove by a preponderance of the evidence that he was entitled
to the relief he requested in his application for writ of habeas corpus.  See
Parrish, 38 S.W.3d at 834; see also
State v. Nkwocha, 31 S.W.3d 817, 821 (Tex.
App.—Dallas 2000, no pet.) (reversing trial court’s grant of new trial to
habeas petitioner because petitioner failed to meet his burden of showing
entitlement to a new trial, when there was no evidence in the record of the
habeas hearing that showed petitioner’s inability to obtain documents at first
trial was not due to his own lack of diligence).  Appellant did not put on any evidence from
his probation file.  Appellant’s
statement that, other than Amended Conditions 18 and 19, he has “completed all
conditions of probation” is conclusory as well as
incorrect on its face, given that the conditions cannot have been successfully
completed until March of 2006, at the end of the period of community
supervision.

            Appellant presented no evidence
concerning his probation history or the violations that the trial court
indicated were the impetus for imposing Amended Conditions 18 and 19.  Appellant did not present any other evidence
to show Amended Conditions 18 and 19 do not reasonably relate to appellant’s future
criminality or to the purposes of community supervision.  Nor did appellant present any other evidence
to show that these conditions do not serve the statutory ends of community
supervision.  To support his statutory
and constitutional challenges, appellant should have introduced evidence from
his probation officer or his probation file showing the degree to which
appellant has complied with his conditions of probation and whether anything
has occurred that would justify the imposition of Amended Conditions 18 and
19.  But appellant chose not to introduce
evidence in this regard. Although Amended Conditions 18 and 19 are onerous,
appellant did not introduce evidence sufficient to prove that these conditions
were unreasonable under the circumstances of this case or that they violate his
familial rights under the United States Constitution.

            Because appellant has not shown that
the trial court abused its discretion in determining that Amended Conditions 18
and 19 were reasonable and because appellant did not prove that these
conditions violate his constitutional rights, we overrule appellant’s first
issue as well as his fourth issue, except to the extent that his fourth issue
presents procedural due process complaints. 


B.        Has appellant preserved error as to his
procedural due process complaints?

            In the argument under his fourth
issue, appellant also asserts that the trial court violated his procedural due
process rights because it did not conduct a hearing or give any reasons for its
decision to impose Amended Conditions 18 and 19.[5] 

            Although appellant complains in part
that the trial court did not give him a hearing or a statement of reasons, the
record reflects that the trial court did give appellant a hearing on his
complaints, that the trial court did not prevent appellant from introducing
evidence at the hearing, and that appellant did not object to the termination
of the hearing or request permission to introduce additional evidence.  Further, although the trial court stated it
had reasons for its decision and was acting based on information in appellant’s
probation file, appellant did not request a statement of reasons.  Therefore, appellant did not preserve error
as to the trial court’s alleged failure to give appellant a hearing or a
statement of reasons.  See Saldano v.
State, 70 S.W.3d 873, 886–87
(Tex. Crim. App. 2002) (stating that even
constitutional complaints may be waived by failure to timely assert them in the
trial court); Rogers v. State, 640
S.W.2d 248, 264 (Tex. Crim. App. 1981) (holding, in
second opinion on rehearing, that procedural due process complaints are subject
to waiver under ordinary preservation-of-error rules); McDonald v. State, 608 S.W.2d 192, 194 n.9 (Tex. Crim. App. 1980) (explaining that appellant must request
findings before failure to make them constitutes reversible error).

            Appellant
also has waived any error to the extent that he complains the trial court
violated his procedural due process rights by not giving him a hearing and
statement of reasons before Amended
Conditions 18 and 19 became effective. 
We find no indication in our record that appellant voiced this complaint
in the trial court and therefore find that appellant did not preserve error in
this regard.  See Tex. R. App. P. 33.1(a)
(providing a complaint must generally be made by a timely request, objection,
or motion to the trial court to preserve error for appellate review); Saldano, 70 S.W.3d at 886–87 (stating that even
constitutional complaints may be waived by failure to timely assert them in the
trial court); Ieppert v. State, 908 S.W.2d 217, 219 (Tex. Crim. App. 1995) (stating that even due process rights are
usually forfeitable by inaction); Rogers,
640 S.W.2d at 264 (holding, in second opinion on rehearing, that procedural due
process complaints are subject to waiver under ordinary preservation-of-error
rules); McCarroll v. Texas Dept. Of Public Safety, 86
S.W.3d 376, 379 (Tex. App.—Fort
Worth 2002, no pet.) (holding that party can waive procedural due process
rights under ordinary preservation-of-error rules).  Accordingly, we overrule appellant’s fourth
issue to the extent it presents procedural due process complaints.  




C.        Did the
trial court have authority to impose Amended Conditions 18 and 19? 

            Appellant
asserts in his second issue that the trial court lacked authority to impose
Amended Conditions 18 and 19 because Texas Code of Criminal Procedure article
42.12, section 13B allegedly limits the trial court’s authority to establish a
child-safety zone to those cases in which a child was a victim of the
offense.  Appellant also argues that the
Legislature has not authorized trial courts to impose conditions of community
supervision that prevent a defendant from seeing his own child.  Even assuming, for the sake of argument only,
that appellant sexually assaulted an adult, appellant’s arguments fail.

            Section 13B of article 42.12 states,
in relevant part, that “the judge shall
establish a child safety zone” as a condition of community supervision when a
defendant has committed an offense listed in section 13B(b) and the victim of
that offense was a child.  Tex. Code Crim.
Proc. art. 42.12, § 13B (emphasis added).  This language makes it mandatory for a trial
court to impose a child-safety zone in the specified class of cases, but it
does not limit the trial court’s ability to impose a child-safety zone in other
cases.  Section 13B cannot mean that a
trial court has authority to impose a child-safety zone only if the victim was
a child, because section 13D of article 42.12 permits a trial court to impose a
child-safety zone for defendants placed on community supervision for violent
offenses, regardless of the victim’s age. 
See id. art. 42.12, § 13D; see also Wilson v. State, 36 S.W.2d 733, 734–35 (Tex. Crim. App. 1931) (explaining that statutes constituting a
system should be construed so as to make the system consistent in all of its
parts and uniform in its operation).

            The Legislature enacted section 13D
in 1999, and assuming, without deciding, that it is applicable to this case, it
authorized the trial court to subject appellant to a child-safety zone because
he received deferred-adjudication community supervision for sexual assault,
which is an offense covered by section 13D. 
See Act of April 23, 1999, 76th
Leg., R.S., ch. 56, § 1, 1999 Tex. Gen. Laws 118,
118–19.  But even if section 13D does not
apply to this case, the trial court still had authority to prevent appellant
from seeing his own child as a condition of community supervision and to impose
Amended Conditions 18 and 19 under section 11(a), regardless of the age of
appellant’s victim.  See Tex. Code Crim. Proc. art. 42.12, § 11(a); Fielder, 811 S.W.2d at
134; McArthur v. State, 1 S.W.3d 323,
330–36 (Tex. App.—Fort Worth 1999, pet. ref’d)
(illustrating trial court’s authority to impose a variety of reasonable
conditions of community supervision in addition to the child-safety zone).   Under section 11(a), the trial court has wide
discretion to impose any reasonable condition that will serve the ends of
community supervision enumerated in the statute.  See
Fielder, 811 S.W.2d at 134.  Section 11(a) states that the list of
conditions of community supervision enumerated in the statute is nonexclusive
and thereby authorizes a trial court to implement conditions of community
supervision that are not listed in the statute. 
Id.  The Code of Criminal Procedure provides two
exceptions to the trial court’s discretion to impose community-supervision
conditions:  (1) article 42.12, section
11(b) prohibits the imposition of certain payments as a condition of community
supervision; and (2) article 42.12, section 11(f) prohibits the trial court
from requiring a defendant to undergo an orchiectomy
as a condition of community supervision. 
See Tex. Code Crim. Proc., art. 42.12,
§§ 11(b), (f); Speth v. State, 6 S.W.3d 530, 533 n.8 (Tex. Crim. App. 1999). 
The Legislature has not prohibited the imposition of child-safety zones
in any class of cases, and it has not prohibited community-supervision
conditions that prevent a defendant from seeing his own child.  Because we conclude the trial court had the
authority to impose Amended Conditions 18 and 19, we overrule appellant’s
second issue. 

D.        Did the trial court
violate the Texas Family Code by upholding Amended Conditions 18 and 19 without analysis
of the best interest of appellant’s child? 

            In
his third issue, appellant asserts that the trial court violated section
153.193 of the Texas Family Code by upholding Amended Conditions 18 and 19
without an analysis of the best interest of appellant’s child.  We cannot rule on the merits of this
assertion because appellant did not preserve error on this issue.

            To preserve a complaint for
appellate review, a party must make a timely request, objection, or motion with
sufficient specificity to apprise the trial court of the complaint.  See Tex. R. App. P. 33.1(a); Saldano, 70 S.W.3d at 886–87.  Even constitutional complaints may be waived
by the failure to raise a timely objection in the trial court.  See Saldano, 70 S.W.3d at 886–89.  Appellant has not cited and we have not found
any place in the appellate record showing that appellant raised this issue in
the trial court.  Accordingly, we find
that appellant has not preserved error, and we overrule appellant’s third
issue. 

E.        Should
this court grant appellant’s motion for judicial notice?     

Appellant has filed a motion asking this court to take
judicial notice of the complainant’s age at the time of the offense based on a
print-out of appellant’s online “Sex Offender Registration Record” from the
Texas Department of Public Safety’s website.[6]  The print-out indicates appellant is on
community supervision for ten years for sexually assaulting a twenty-year-old
female. Appellant did not provide any other documents or proof in support of
his motion for judicial notice.  

Upon the request of a party supplying the necessary
information, this court is obliged to take judicial notice of facts that are
“either (1) generally known within the territorial jurisdiction of the trial
court or (2) capable of accurate and ready determination by resort to sources
whose accuracy cannot reasonably be questioned.”  See
Tex. R. Evid. 201(b),
(d).

Judicial notice is inappropriate here because the victim’s
age is not generally known in Harris County, Texas, and the accuracy of the
online record can reasonably be questioned. 
Under article 62.02 of the Texas Code of Criminal Procedure, a sex
offender, like appellant, registers by filling out a standard registration form
and submitting it to a local law-enforcement office.  See
Tex. Code Crim.
Proc. art. 62.02.  The victim’s
age is one of the items the offender must provide to complete the form.  See id.
art. 62.02(b)(3).  After completing
the form, the offender signs it to verify that the information is complete and
accurate.  See id. art. 62.02(e). 
Although the local office must verify the offender’s identity and
residence, there is no indication in the statute that the victim’s age is
subject to verification by someone other than the offender.  A record based solely on self-reported
information can reasonably be questioned. 
Accordingly, we deny appellant’s motion for judicial notice.

                                                             V.  Conclusion

            Because appellant has not shown that
the trial court abused its discretion in determining that Amended Conditions 18
and 19 were reasonable and because appellant did not prove that these
conditions violate his constitutional rights, we overrule appellant’s first and
fourth issues. Appellant did not preserve error as to his procedural due
process complaints.  We overrule
appellant’s second issue because the Texas Code of Criminal Procedure does not
limit the imposition of a child-safety zone to those cases in which the victim
was a child.  Finally, we overrule
appellant’s third issue because he failed to preserve error in the trial court
on the question of whether the trial court was required to assess the best
interest of his son under the Family Code. 
Having overruled all of appellant’s issues, we affirm the trial court’s
judgment.

 

                                                                        /s/        Kem Thompson
Frost

                                                                                    Justice

 

Judgment rendered, Opinion of February 13, 2003, Withdrawn, and Substitute Opinion filed April 10, 2003.

Panel consists of Justices Yates, Anderson, and
Frost.

Publish — Tex.
R. App. P. 47.2(b).

 

 

 











            [1]  In its entirety Amended Condition 18 states:
“You are to have no contact with any
minor under the age of seventeen (17) beginning 1-11-02 for any reason except as
specifically permitted by the Court. except [sic] daughter.” (emphasis in
original).





[2]  In its entirety Amended Condition 19 states:
“You are not to reside, go in, on or
within 100 yards of a premises where children commonly gather, including a
school, day-care facility, playground, public or private youth center, public
swimming pool, or video arcade facility and you are not to supervise or participate in any program that includes
participants or recipients persons [sic] who are seventeen (17) years of age or
younger and that regularly provides athletic, civic or cultural activities beginning
11- -01 [sic] for any reason except as specifically permitted by the Court.” (emphasis
in original).





[3]The terms “community
supervision” and “probation” share the same meaning and are generally used
interchangeably.  Prevato v. State, 77 S.W.3d 317, 317 n.1 (Tex. App.—Houston [14th Dist.] 2002, no
pet.).





[4]  This section provides in part, “The judge of
the court having jurisdiction of the case shall determine the conditions of
community supervision and may, at any time, during the period of community
supervision alter or modify the conditions. 
The judge may impose any reasonable condition that is designed to
protect or restore the community, protect or restore the victim, or punish,
rehabilitate, or reform the defendant.”  Tex. Code Crim.
Proc. art. 42.12, § 11(a).  The remainder of section 11(a) includes a
non-exclusive list of potential conditions. 






[5]As we read appellant’s
issues, his fourth issue only alleges that Amended Conditions 18 and 19
violated his substantive constitutional rights. 
It is not clear to us that the procedural due process arguments that appellant
asserts on appeal are subsidiary questions fairly included in his fourth
issue.  See Tex. R. App. P.
38.1 (e).  Although it appears appellant
has not properly assigned error as to procedural due process, we do not reach
this issue because the record shows that appellant failed to preserve error in
any event.





                [6]  At the time of this writing the website
address is http://records.txdps.state.tx.us and
appellant’s record may be viewed
at:http://records.txdps.state.tx.us/soSearch/soDetail.cfm?ShowNav= False& dps_number=04770904.