

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-72,197-05

**EX PARTE BRYAN THOMAS BLEVINS, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 4301-D IN THE 31ST DISTRICT COURT FROM WHEELER COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of aggravated sexual assault of a child and sentenced to life imprisonment. The Seventh Court of Appeals affirmed his conviction. *Blevins v. State*, No. 07-08-00336-CR (Tex. App.—Amarillo Apr. 29, 2009) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that the Texas Department of Criminal Justice has recently changed his "time sheet" to reflect that he is not eligible for release on parole for the instant offense until the actual calendar time he has served, without consideration of good conduct time, equals thirty-five years. Applicant argues that this calculation is incorrect; He is eligible for release

on parole after serving thirty calendar years. Applicant has alleged facts that, if true, might entitle him to relief. TEX. GOV'T CODE § 508.145 (eff. Sept. 1, 1999). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to obtain a response from a person with knowledge of relevant facts. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to Applicant's parole eligibility based on the statute in effect on the date of Applicant's offense. *Ex parte Choice*, 828 S.W.2d 5 (Tex. Crim. App. 1992). The trial court shall also make specific findings as to whether the judgment accurately reflects that Applicant's instant offense was enhanced by a prior conviction and if so, what particular prior conviction was used.[1] The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's

---

[1] As the Court of Appeals mentioned in its first footnote, the judgment reflects that the trial court found the enhancement to be "True," but the record does not reflect whether the indictment in fact contained an enhancement paragraph. *Blevins v. State*, No. 07-08-00336-CR (Tex. App.—Amarillo Apr. 29, 2009) (not designated for publication). Indeed, no enhancement paragraph appears in the copy of the indictment contained in the writ record forwarded to this Court. Furthermore, the Court of Appeals states that the reporter's record of the punishment proceeding reflects that Applicant was not asked to enter a plea as to any enhancement paragraph. *Id.*

findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, trial transcripts, and transcripts from hearings and depositions.  *See* TEX. R. APP. P. 73.4(b)(4).  Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: January 11, 2023
Do not publish